UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.  26cr10194 |
| v. | ) Violation: |
| DENIS NIKOLAYEVICH OBREZKO, a/k/a "Денис Николаевич Обрезко" | ) Count One: Conspiracy to Commit Computer Fraud and Abuse (18 U.S.C. § 371) |
| Defendant. | ) Forfeiture Allegation: (18 U.S.C. §§ 982(a)(2)(B) & 1030(i)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      Defendant DENIS NIKOLAYEVICH OBREZKO, a/k/a "Денис Николаевич Обрезко," was a Russian national living in Russia.   Beginning in at least 2024, OBREZKO was the deputy director of a technology company in Russia called Yutek-NN ("Yutek").   Previously, between approximately 2012 and 2017, OBREZKO worked in an unknown capacity for Russia's primary domestic intelligence and security agency, the Federal Security Service or "FSB."

2.      Yutek conducted cyberespionage operations, which cybersecurity researchers tracked under the monikers "Void Blizzard" and "Laundry Bear," among others.   Yutek conducted these cyberespionage operations at the behest of the Russian government.

3.      From at least 2023 until October 2025, OBREZKO conspired with fellow employees and associates of Yutek to gain unauthorized access to protected computers in the United States and Europe as part of a large-scale cyber espionage campaign.

4.      This computer intrusion activity consisted generally of the mass theft of email and other communications from companies across a wide range of sectors and industries in the United

States and Europe.    Yutek employees and associates also stole email from various North Atlantic Treaty Organization ("NATO") aligned government agencies throughout Europe, and from other organizations supportive of Ukraine's continued resistance of the Russian invasion.

5.    "Domain typo-squatting" was the practice of registering malicious domains in a manner intended to mimic legitimate domains, such as by registering a slightly-misspelled version of a legitimate domain.    It was often used in conjunction with spear phishing attacks in order to trick victims and steal their data.

6.    A "session token" was a unique means of account identification, generally a quasi-random alphanumeric string, that permitted a user to maintain access to their online account without having to re-authenticate to the server.

7.    "Spear phishing" was a targeted cyberattack designed to trick victims into clicking a malicious link in order to steal their data and compromise their devices.

8.    An "SSL certificate" was a file that permitted secure, encrypted traffic between a website's users and its server, routed over what is often referred to as an "HTTPS" (or "Hypertext Transfer Protocol Secure") connection.

9.    A "virtual private network" ("VPN") was a tool that created a secure tunnel between two endpoints across the open internet.    This tunnel encrypted traffic passing between the endpoints and prevented it from being read by third parties.    Additionally, certain VPNs permit secure off-site access to local computing resources, particularly in corporate environments.

10.    A "virtual private server" ("VPS") was an isolated environment created on a physical server using virtualization technology.    VPSes allowed greater process isolation, control, and semi-dedicated resources on a physical server shared with co-tenants.

Objects and Purpose of the Conspiracy

11.    The objects of the conspiracy were to commit computer fraud and abuse by intentionally accessing protected computers without authorization, thereby causing damage, and by intentionally accessing protected computers without authorization and obtaining information. The principal purpose of the conspiracy was for the conspirators to unlawfully enrich themselves by acquiring electronic mail and other digital communications of interest to the conspirators and to the Russian government.

Manner and Means of the Conspiracy

12.    Among the manner and means by which OBREZKO and co-conspirators known and unknown to the Grand Jury carried out the conspiracy were the following:

a.    Using email accounts registered with false subscriber information with webmail providers in the United States and elsewhere;

b.    Creating and using malicious domains, including slightly misspelled versions of legitimate domains, and spear phishing to steal session tokens;

c.    Registering the malicious domains in a manner that prevented the effective identification of or contact with the person registering;

d.    Using proxy services and VPNs to conceal their identities and geographic whereabouts, and to bypass security measures;

e.    Employing stolen session tokens to access, without authorization, the victims' computing environments;

f.    Stealing electronic mail and other digital communications and confidential data of interest from victims; and

3

g.     Using various internal infrastructure to carry out this malicious cyber campaign, including infrastructure hosted on Void Blizzard Internal Domain 1.

Overt Acts in Furtherance of the Conspiracy

13.    From in or about 2023 through in or about October 2025, OBREZKO and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.     On or about August 17, 2023, OBREZKO sent a message to Unindicted Co-conspirator A providing technical support, including credentials, for Unindicted Co-conspirator A to access data visualization software hosted at Void Blizzard Internal Subdomain 1 through a VPN.

b.     On or about September 14, 2023, a conspirator used email address robert.pook[at]mailfence.com to register a VPS located at IP address 172.86.75[.]235, which the conspirators used for, among other things, obtaining encryption certificates for Void Blizzard Internal Domain 1 from U.S. Provider 1, an organization that provided SSL certificates which allowed websites to communicate securely on the Internet.

c.     On or about June 12, 2024, using a U.S.-based proxy network, a conspirator caused electronic transmissions to be sent to the mail server of Victim 1, a social media network.  During this time, without authorization, conspirators accessed email accounts belonging to employees of Victim 1 and exfiltrated at least 1,207 emails.

4

d.   On, about, during, and between November 11, 2024, and November 19, 2024, using a U.S.-based proxy network, a conspirator caused electronic transmissions to be sent to the SharePoint server of Victim 2, a privately-held development company based in the U.S.  During this time, without authorization, conspirators accessed accounts belonging to at least two employees of Victim 2 and exfiltrated at least 51,000 files.

e.   On, about, during, and between January 28, 2025, and March 18, 2025, using a U.S.-based proxy network, a conspirator caused electronic transmissions to be sent to the mail server of Victim 3, a German company with a major manufacturing facility located in the U.S.  During this time, without authorization, conspirators accessed an email account belonging to an employee of Victim 3.

f.   On or about May 15, 2024, a conspirator used email address sharedstaffaccount[at]proton[.]me to register Void Blizzard Internal Domain 1 with a U.S.-based domain registrar, U.S. Provider 2.

g.   On or about August 19, 2024, using a U.S.-based proxy network, a conspirator caused electronic transmissions to be sent to the mail server of Victim 4, an enterprise cloud software company.  During this time, without authorization, conspirators accessed an email account belonging to an employee of Victim 4.

h.   On or about December 13, 2024, via a Telegram messaging channel, Unindicted Co-conspirator B sent a screen capture to OBREZKO

5

containing code used to send alerts and capture session tokens.

i.  On or about January 27, 2025, via electronic message, Unindicted Co-conspirator B sent OBREZKO a screen capture of an automated Telegram message showing a series of test session intercepts on the email account marek[.]losa[at]outlook[.]com.

j.  Later that day, on or about January 27, 2025, via electronic message, Unindicted Co-conspirator B communicated with OBREZKO, seeking approval to make refinements to the session intercept code.

k.  On or about February 25, 2025, a conspirator created and used email address maryoverly[at]onionmail.org to register the phishing domain micsrosoftonline[.]com with U.S. Provider 2.

l.  On or about March 13, 2025, a conspirator used a U.S.-based proxy service to access Void Blizzard Internal Subdomains 2, 3, and 4, that hosted Void Blizzard infrastructure used to conduct malicious cyber intrusions.

m.  On or about March 13, 2025, after accessing Void Blizzard Internal Subdomains 2, 3, and 4, a conspirator used the same U.S.-based proxy service to access, without authorization, an account belonging to Victim 5, that was hosted by Victim 6, a U.S.-based educational institution.

n.  On or about April 4, 2025, OBREZKO stored a file on his phone containing multiple large language model ("LLM")-created summaries and keyword digests of over 13,000 stolen emails from members of parliament of an Eastern European democracy.   Those emails were to and from accounts not

belonging to OBREZKO. The chain-of-thought text generated by the LLM made it clear that OBREZKO and his co-conspirators were seeking to identify information regarding political activity and strategic decisions and, specifically, government or business information related to meetings, international contracts, deals, or other agreements.

o.   On or about April 24, 2025, a conspirator used email address carriehuff[at]onionmail[.]org to register the phishing domains ebsummlt[.]eu and miscrsosoft[.]com with U.S. Provider 2.

p.   On, about, during, and between May 4, 2025, and May 11, 2025, using a U.S.-based proxy network, a conspirator caused electronic transmissions to be sent to the mail server of Victim 7, a municipal governance organization located on the East Coast.

q.   At approximately 11:00 p.m. Moscow time on or about May 27, 2025, OBREZKO sent Unindicted Co-conspirator C, who used the alias "Ethan Hunt," an online threat briefing published earlier that day by a U.S. technology and cybersecurity company detailing a suspected cyber espionage campaign by a then-newly-identified Russian cyber threat actor group called Void Blizzard. He then made arrangements to meet Unindicted Co-conspirator C in-person later that evening.

<u>COUNT ONE</u>
Conspiracy to Commit Computer Fraud and Abuse
(18 U.S.C. § 371)

The Grand Jury charges:

14.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

15.     From in or about 2023 through in or about October 2025, in the District of Massachusetts and elsewhere, the defendant,

DENIS NIKOLAYEVICH OBREZKO,
a/k/a "Денис Николаевич Обрезко,"

conspired with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, computer fraud and abuse, that is, to:

a.  intentionally access a protected computer without authorization, and as a result of such conduct, recklessly cause damage, and where the offense did cause and would, if completed, have caused, loss aggregating $5,000 in value to at least one person during a one-year period from a related course of conduct affecting a protected computer, and damage affecting at least 10 protected computers during any one-year period, in violation of 18 U.S.C. § 1030(a)(5)(B) and (c)(4)(A); and

b.  intentionally access a protected computer without authorization and thereby obtain information from any protected computer, and where the offense was committed for purposes of commercial advantage and private financial gain, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i).

All in violation of Title 18, United States Code, Sections 371.

8

16.    In furtherance of the conspiracy, the defendant,

DENIS NIKOLAYEVICH OBREZKO,
a/k/a "Денис Николаевич Обрезко,"

and others known and unknown to the Grand Jury, knowingly falsely registered and caused to be registered one or more domain names, and knowingly used and caused to be used said domain names in the course of an offense, namely, they registered and caused to be registered the domains ebsumrnit[.]eu, micsrosoftonline[.]com, miscrsosoft[.]com, ebsummlt[.]eu, zhivemo[.]com, memerelli[.]com, nato-summit-2025[.]com, skypetoteams[.]com, teamsintegrate[.]com, teamslinkintegrate[.]com, teamslinksupport[.]com, teamslinking[.]com, micnosolt[.]com, ecprconference2025[.]eu, eu-defense-night-2025[.]eu, gl-security[.]eu, and migrate-ms-teams[.]com with false names and addresses, and used and caused to be used those domains in the course of the felony offense charged in Count One.

All in violation of Title 18, United States Code, Sections 371 and 3559(g)(1).

9

## FORFEITURE ALLEGATION
### (18 U.S.C. §§ 982(a)(2)(B) & 1030(i))

17.     Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One, the defendant,

### DENIS NIKOLAYEVICH OBREZKO,
a/k/a "Денис Николаевич Обрезко,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1030(i), any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense; and, pursuant to Title 18, United States Code Section 1030(i), any personal property used, or intended to be used, to commit, or to facilitate the commission of, such offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of such offense.

18.     If any of the property described in Paragraph 16, above, as being forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), as a result of any act or omission of the defendant --

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Sections 982(b)(2) and 1030(i)(2), each incorporating Title 21, United States Code, Section 853(p), to seek forfeiture

of any other property of the defendant up to the value of the property described in Paragraph 16 above.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i).

A TRUE BILL

███████████████████

FOREPERSON


DAVID M. HOLCOMB
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

CHAD W. MCHENRY
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
NATIONAL SECURITY CYBER SECTION


District of Massachusetts: July _7_, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
DEPUTY CLERK

at 12:15 PM

11