UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

DENIS OBREZKO,

    Defendant

Criminal No. 26-cr-10194-ADB

### PROTECTIVE ORDER

Upon consideration of the government's Assented to Motion for Protective Order, it is hereby ORDERED that:

(1)    The discovery materials produced by the government in the above-captioned matter ("discovery materials") may be used by the defendant, defendant's counsel, and any employees or agents of defendant's counsel solely in the defense of this case and for no other purpose and in connection with no other proceeding. A copy of this Protective Order shall be maintained by defense counsel and provided to each person who receives discovery materials under its terms. Publicly available materials and documents independently obtained by the defense are excluded from this Order.

(2)    Defendant's counsel and defendant shall not disclose any discovery materials, directly or indirectly, to any other person except those necessary to assist the defense, persons who are interviewed as potential witnesses, potential experts, or other authorized persons, during the course of the investigation and defense of this case. Discovery materials shall not be disclosed to any persons outside the United States by anyone other than the government without the government's consent or further order of the Court.

(3)    Except as set forth below, copies of discovery materials may only be shown to, and not given to, potential witnesses. Authorized defense-team members and service providers may receive and retain copies as reasonably necessary for their work, subject to this Order. Defendant's counsel shall redact any personally identifying information—including, but not limited to, dates of birth, home addresses, names of minor children, and financial account numbers of third parties ("Confidential Information")—from the copies of materials shown to such witnesses. However, if the materials shown to a particular witness contain Confidential Information of that particular witness, such Confidential Information need not be redacted from the materials shown to or played for that witness. In the case of any authorized recipient, e.g., an expert, who receives or retains copies, defendant's counsel is permitted to disclose unredacted discovery materials to the recipient so long as the recipient (a) has signed the attached Agreement To Be Bound By Order and this signed document has been filed with the Court *ex parte* and under seal as set forth in Paragraph 4 below, and (b) returns or securely destroys all discovery materials and copies when the recipient's work concludes.

(4)    When a person receives or retains copies of discovery materials, defendant's counsel must inform the recipient that the materials are provided subject to the terms of this Protective Order and that the recipient must comply with the terms of this Protective Order. Each person to whom such disclosure is made shall sign the attached Agreement to Be Bound by Order, and defendant's counsel shall file such an endorsed copy with the Court. Such filings may be made *ex parte* and under seal.

(5)    Defendant's counsel and authorized recipients may maintain copies of discovery materials as reasonably necessary under this Order. No copy may be otherwise left in the possession of the defendant, and, except for notes or messages created in the designated privileged

document described in Paragraph 6(c), the defendant may not photograph, copy, download, or otherwise reproduce discovery materials.

(6)    The defendant shall be furnished with a government-provided laptop with which to review discovery in this matter.

(a)    During the course of discovery production, the government shall regularly populate the laptop with batches of discovery materials as they are produced to the defense. Should the discovery materials include items the government believes are too sensitive for the defendant's unsupervised review, the government shall withhold those materials from production to the laptop and alert counsel for the defense to the exclusion. The government shall promptly identify the withheld item or category and the basis for the restriction. As to those materials, defense counsel may show but not provide the defendant with a copy of the withheld material under appropriate supervision and may seek prompt review by the Court.

(b)    The laptop shall remain in the custody of the jail at all times while not being used for review. The defendant shall receive reasonable and regular access, and any malfunction shall be promptly repaired or the laptop replaced. The defendant's review shall take place in a separate room outside the presence of others, with the exception of jail staff and/or law enforcement, and the defendant shall not have access to paper or writing implements during the review. If jail staff and/or law enforcement are present, they will not deliberately view the screen, the substance of defendant's review, or observe the substance of the defendant's notes.

(c)    Defendant may take notes or pass messages to defense counsel in a designated, privileged document that will be present on the laptop. The designated

privileged document, including its contents and metadata, shall be not be reviewed by the government and the prosecution team. Any inspection to ensure compliance with this Order shall be limited to determining whether unauthorized software, devices, network connections, or reproductions have been created and shall be conducted by personnel outside the prosecution team. No inspection may review search or document-access history, review activity, or other information that may reveal attorney-client communications, work product, or defense strategy.

(d)     The laptop shall not, at any time, be connected to a network, wired or wireless, nor to any wireless devices or other peripherals, other than by the government.

(e)     The laptop shall not, at any time, be used for audiovisual recording, or for any other purpose beyond the defendant's review of discovery and limited communication with defense counsel for purposes of facilitating that review.

(7)     Defendant's counsel and defendant shall not publicly post, publish or in any way disseminate any of the discovery materials on the Internet, in a newspaper, or in any media platform, whether it be electronic or not. To the extent defendant's counsel wishes to file any of the discovery materials on the public docket (as an exhibit to a motion, for example), defendant's counsel shall seek leave of court to file the discovery materials under seal. Otherwise, this Protective Order shall not restrict the use of the discovery materials during trial or other judicial proceedings in this matter.

(8)     Defendant's counsel shall inform the defendant of the provisions of this Protective Order, and direct him not to disclose or use any information contained in the government's discovery in violation of this Protective Order.

(9)     Defendant's counsel shall promptly notify the government and the Court if any discovery materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally.

(10)     All discovery materials shall be destroyed by defense counsel or returned to counsel for the government by the date of sentencing in this matter, seven days after acquittal, or by the date any appeal concludes, whichever of these dates are applicable and latest. Defendant's counsel shall also destroy any derivative contents of such discovery materials, i.e., translations of emails or documents (if any exist), other than attorney work product. Authorized experts, vendors, and other recipients shall return or securely destroy their copies when their work concludes.

Nothing contained in this Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.



_____
HONORABLE DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE

Dated:  _8/6/2026___

<u>AGREEMENT TO BE BOUND BY ORDER</u>

*I hereby acknowledge that I have read the contents of the above protective order entered in United States v. Denis Obrezko, 26-CR-10194-ADB, and have had the terms explained to me. I agree that the order applies to me, that I am bound by its terms, and that I shall comply with its terms.*

_____
NAME:

_____
DATE