IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 26-cr-10194-ADB-DLC |
| | ) | |
| DENIS OBREZKO, | ) | |
| | ) | |
| Defendant | ) | |

**JOINT INTERIM STATUS REPORT**

Pursuant to Local Rule 116.5(b), the parties hereby file this status report in connection with the interim status conference that is scheduled for September 16, 2026. The parties respectfully request that the Court consider this status report in lieu of the scheduled conference and schedule another interim status conference for October 19, 2026 or shortly thereafter.[1]

**(1) Automatic Discovery & Pending Discovery Requests**

The government provided automatic discovery and an index of produced materials on August 7 and August 20, 2026. Additionally, as set forth in the Protective Order entered by the Court on August 6, 2026 (Dkt. 29), the government provided the defendant's detention facility with a laptop computer for the defendant's review of certain discovery materials. The defendant and counsel are reviewing the discovery materials. No discovery requests have yet been made. The defendant and counsel intend to make at least one additional discovery request.

**(2) Timing of Additional Discovery**

The government does not presently anticipate making further productions of automatic discovery. The government is aware of its obligations to produce materials under Fed. R. Crim.

[1] Counsel for the defendant will be in trial from October 13 through early November and respectfully requests that any status conference during that period be scheduled for late afternoon.

P. 16, Local Rule 116.2(b)(1), and *Brady vs. Maryland*. To the extent any additional discovery—including *Brady* material—becomes available as the government's investigation continues, the government will produce it on a rolling basis, approximately once per month.

**(3) <u>Timing of Additional Discovery Requests</u>**

The defendant and counsel have begun to review discovery and require additional time to determine whether to make any discovery requests.

**(4) <u>Protective Order</u>**

With the defendant's assent, the government proposed a protective order to prevent the public disclosure of unclassified but sensitive information, including personal and/or confidential information of third parties. The Court entered the protective order on August 6, 2026 (Dkt. 29).

**(5) <u>Status of Pretrial Motions</u>**

Under the Initial Scheduling Order (Dkt. 26), Rule 12 motions must be filed by the time of the final status conference, currently scheduled for February 26, 2027. Counsel for the defendant has indicated to the government that the defendant intends to file one or more such motions.

**(6) <u>Expert Witness Disclosures</u>**

The Court has not yet established a date for expert witness disclosures. The parties respectfully submit that it is premature to set a deadline for expert disclosures at this time.

**(7) <u>Defenses of Insanity, Public Authority, or Alibi</u>**

The defendant has not indicated that he will assert any of these defenses.

**(8) <u>Speedy Trial Act</u>**

Zero days of non-excludable time have accrued. The parties request that the Court exclude the period of time from September 16, 2026 until the date of the next interim status conference under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by an exclusion—additional

time to review discovery and discuss a potential resolution—outweigh the interests of the public and the defendant in a speedy trial.

**(9) <u>Status of Plea Discussions and Estimated Length of Trial</u>**

The defendant and his counsel are still reviewing discovery, and the parties respectfully submit that it is premature to report on the status of plea discussions or likelihood that the case will proceed to trial. If the case proceeds to trial, the government anticipates that a trial could last two weeks.

**(10) <u>Interim Status Conference</u>**

The parties respectfully request that the Court consider this report in lieu of the scheduled interim status conference and schedule a further interim status conference in approximately 30 days (on or after October 19, 2026), as the Court has indicated is its practice.

Respectfully submitted,

LEAH B. FOLEY
UNITED STATES ATTORNEY

*/s/ David M. Holcomb*

David M. Holcomb
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
David.Holcomb@usdoj.gov

Chad W. McHenry
Trial Attorney
National Security Cyber Section
U.S. Department of Justice
(202) 743-5045
Chad.W.McHenry@usdoj.gov

DENIS OBREZKO
By his attorney,

*/s/ Maksim Nemtsev*

Maksim Nemtsev, Esq.
20 Park Plaza, Suite 1000
Boston, MA 02116
347-251-4800
menemtsev@gmail.com

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: September 10, 2026

*/s/ David M. Holcomb*
Assistant United States Attorney